# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARC ANTHONY CONOVER,**
As parent and next friend of A.C., a minor

**Plaintiff**,

v.                                                  Case No.:

**SCHOOL BOARD OF
BREVARD COUNTY, FLORIDA**.                          **JURY TRIAL DEMANDED**

**Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MARC ANTHONY CONOVER, as parent and next friend of A.C., a minor, sues Defendant SCHOOL BOARD OF BREVARD COUNTY, FLORIDA, demands trial by jury and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages arising from Defendant SCHOOL BOARD OF BREVARD COUNTY, FLORIDA's violation of Plaintiff A.C.'s rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution. The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §1983 and 42 U.S.C. 2000d-7.

2. The case or controversy is appropriately heard in the Orlando Division of the Middle District of Florida pursuant to Middle District Local Rule 1.04(b), as the Orlando Division encompasses the counties having the greatest nexus with the causes of action and claims of the Plaintiff

## PARTIES

3. Plaintiff Marc Anthony Conover is a citizen of the United States and a resident of Brevard County, Florida where the events giving rise to this action occurred. He is the parent and legal guardian of the minor A.C., a female student. At all material times, A.C. was a 7th grade student at Edgewood Jr./Sr. High School, governed by the Defendant SCHOOL BOARD OF BREVARD COUNTY.

4. Defendant SCHOOL BOARD OF BREVARD COUNTY, FLORIDA is a corporate body organized under the constitution and the laws of the State of Florida and may be sued. Fla. Stat. § 1001.41(4).

## FACTUAL ALLEGATIONS

5. Beginning in October 2023 and continuing through the present time, A.C. has been the victim of constant and harassing bullying from a particular student known to defendant. This included sexual assault and inappropriate sexual comments and overtures. Defendant has been aware of this other student's propensity for such

conduct but has failed to take corrective action to protect A.C. and other female students.

6. Despite repeated requests to the faculty and administration to address the issue of targeted bullying against A.C. and the accompanying sexual assault, the conduct has continued as no measures have been implemented to correct this conduct or protect A.C.'s constitutional rights and her rights as a protected class member pursuant to 42 U.S.C. 2000d. The conduct displayed by Defendant rises to the level of reckless indifference to her rights and, when combined with other documented incidents of the sexual assault against other female students, forms a pattern and practice by Defendant of violating the constitutional rights of victims, including A.C., by failing to correct the issue.

7. The indifference of Defendant has created a situation where A.C.'s grades have fallen due to the mental distress from the repeated conduct of the assailant. A.C. reasonably fears for her safety as a result and has suffered permanent psychological effects.

### COUNT I -- 42 U.S.C. § 1983 --VIOLATION OF A. ATKINS' FOURTH AND FOURTEENTH AMENDMENT RIGHTS

8. Plaintiff realleges paragraphs 1-7 as set forth above.

9. This count is against the Defendant ER and arises under 42 U.S.C. §1983.

10. The guaranties afforded by the Fourth Amendment to the Constitution of the United States are protected by the due process clause of the Fourteenth Amendment.

11. A student has a constitutional right to bodily privacy and safety. A.C.'s rights guaranteed under the Constitution have been infringed upon by Defendant's reckless indifference to her rights.

12. In failing to prevent known bullying, Defendant acted under color of state law and violated A.C.'s Fourth Amendment rights to privacy and ability to be safe in her person. West v. Atkins, 487 U.S. 42, 49–50 (1988)("It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. . . . generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.")(citations omitted).

13. As a result of Defendant's actions, Plaintiff A.C. has suffered mental anguish and loss of capacity for the enjoyment of life, and other monetary damages. The losses and expenses are permanent and continuing and she will suffer the losses in the future.

WHEREFORE, Plaintiff demands trial by jury, judgment for damages, interest, costs, and attorney's fees, pursuant to 42 U.S.C. § 1988, against Defendant and such other and further relief as this Court deems appropriate.

## COUNT II- VIOLATION OF TITLE IX

14. Plaintiff restates paragraphs 1-7 above.

15. A.C. is a female and member of a protected class pursuant to 42 U.S.C. 2000d.

16. Defendant has through its conduct as set forth above violated Title IX. Defendant's actions and inactions arise to the level on an intentional act.

17. As a direct result of Defendant's violations of Title IX, Plaintiff has been damaged in the form of mental anguish, mental distress and permanent psychological injuries.

WHEREFORE, Plaintiff demands judgment against Defendant, attorney's fees and any other relief this court deems appropriate, including injunctive relief to enforce policies protecting similarly situated female students. Plaintiff demands jury trial on all issues so triable.

*John W. Dill*
JOHN W. DILL, ESQUIRE

        Florida Bar No.: 981680
        JOHN W. DILL, PA
        941 West Morse Blvd.
        Suite 100
        Winter Park Florida 32789
        Tel. (321) 287-4774
        E-Mail: John@JohnWDill.com
        Counsel for Plaintiff